616 F.Supp. 565 (1985)
Angela BOND, et al., Plaintiffs,
v.
Daniel B. KECK, et al., Defendants.
No. 84-0292C(1)
United States District Court, E.D. Missouri, E.D.
August 21, 1985.
*566 Charles R. Oldham and Anne V. Maloney, St. Louis, Mo., for plaintiffs.
Norman C. Parker, Thomas M. Blumenthal, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This is a suit brought by Angela Bond, a minor, and her parents, Walker and Rubye Bond, against the Ferguson-Florissant School District, Daniel B. Keck, Superintendent, and certain members of the Board of Education of the Ferguson-Florissant School District, individually and in their official capacity. Count I is a complaint by Angela Bond that she was discriminated against on the basis of her race with respect to her placement in an instructional math class of predominantly black students and retaliated against because of her complaint of discrimination in violation of 42 U.S.C. §§ 1981 and 1983. Count II is a similar complaint by her parents.
This case was tried to this Court sitting without a jury. This Court having considered the pleadings, the testimony of the witnesses, the documents in evidence, and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of fact and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 52.

A. FINDINGS OF FACT
1. Plaintiffs Walker Bond, Rubye Bond and Angela Bond are residents of St. Louis *567 County, Missouri. Angela Bond is a minor black female enrolled in the Commons Lane School of the Ferguson Reorganized School District, R-II, a public school in the State of Missouri. Angela Bond was enrolled in the Commons Lane School as a first grade student during the 1982-83 school year.
2. Defendants are members of the Board of Education of the Ferguson-Florissant School District and various other employees or representatives of the Ferguson Reorganized School District R-II.
3. During the first semester of the 1982-83 school year, there was a combined first and second grade in which three (3) teachers were assigned for the first and second grade classes. These three (3) teachers were Rosella Branch, Carolyn Hack and Nancy Arnold. The students were divided into three (3) homerooms and, during the course of the day, they were divided and mixed into different classrooms according to subject matter. The combined first and second grades consisted of a total enrollment of 80 students. The racial composition of these 80 students was 37 black students and 43 white students.
4. During the first semester of the 1982-83 school year, Angela Bond was placed in Rosella Branch's math class which consisted of twenty-five (25) first and second grade students. The racial composition of these twenty-five (25) students was ten (10) black students and fifteen (15) white students.
5. In January of 1983, the administration of the Commons Lane School decided that the class size of the first and second grade necessitated the addition of a fourth teacher to the staff. On February 3, 1983, a fourth teacher, Terry Finn, was added to the staff and the three (3) homerooms were divided into four (4) homerooms. In addition, the individual subject matter classes were divided from three (3) into four (4) rooms. This reduced the student/teacher ratio in each instructional class from an average of 27/1 to an average of 20/1. Thus, the three (3) math classes were divided into four (4) math classes.
6. On February 3, 1983, Angela Bond was moved from the math class being taught by Rosella Branch to the new math class taught by Terry Finn. Ms. Finn's new math class consisted of seventeen (17) students. The racial composition of Ms. Finn's new math class was fourteen (14) black students and three (3) white students.
7. The grouping of students in the four (4) math classes was determined by the four (4) teachers of the first and second grade. Race did not play any part in the grouping decisions made by the four (4) teachers. The students were assigned to their particular math classes based on classroom performance, the teachers' observation and "time at task".
8. Prior to the arrival of Ms. Finn, there were three (3) math classes, of which Mrs. Branch's class was the "highest". After the arrival of Ms. Finn, Mrs. Branch continued to teach the "highest" math class, but Ms. Finn taught the second highest math class. During the fall of 1982, Angela Bond ranked tenth out of ten among the first graders in Mrs. Branch's math class. Following her transfer to Ms. Finn's math class, Angela Bond ranked fifth out of ten among first graders in Ms. Finn's math class.
9. This Court credits Mrs. Branch's testimony that Angela Bond's work/study habits were not suitable for the highest math class. She testified that Angela Bond had trouble staying in her seat, was always interested in the work being done by the other students, and was often careless about not completing her work. This Court agrees with Mrs. Branch's judgment that Angela Bond would benefit most from the group teaching method utilized by Ms. Finn, as opposed to the individualized style of teaching utilized by Mrs. Branch. This Court also credits Ms. Finn's testimony that, given Angela Bond's poor time on task and short attention span, Angela Bond was not misplaced in her math class.
10. The time spent by Angela Bond in her math class is approximately 45 minutes per school day.
*568 11. The legitimate, non-discriminatory reasons given for Angela Bond's placement in Ms. Finn's math class are not pretextual. Angela Bond was properly assigned to Ms. Finn's math class.
12. Angela Bond's race was not a factor in her failure to be chosen as student of the month.
13. Angela Bond was not, in any way, shape or form discriminated against on account of her race.
14. Walker and Rubye Bond complained to various defendants about the placement of their daughter in Ms. Finn's math class. Defendants did not cause any acts to be taken against Walker, Rubye or Angela Bond in retaliation for their complaints. The classroom observation of Angela made by Mr. Paul Buenneman was merely an effort by defendants to investigate plaintiffs' complaints and to review the propriety of Angela Bond's placement in Ms. Finn's math class. Moreover, this Court credits the testimony of several defendants that the Bonds did not initially object to Angela Bond's placement in Ms. Finn's math class on the grounds of racial discrimination. Initially, Angela Bond's parents objected on the ground that their daughter deserved to be in the "highest" math class. When the Bonds did finally assert race as a basis for their objection to Angela Bond's placement in Ms. Finn's math class, defendants did not subsequently take any actions against plaintiffs in retaliation for said complaint of racial discrimination.
15. Defendants did not treat Angela Bond, an eventual participant in the "Probe" program, differently than other participants in said program, because at the time of the incidents in question, first graders had not yet been selected for participation in the Probe program.
16. Plaintiffs have not been damaged by any action taken by any defendant.
17. Plaintiffs' complaints, arising primarily from the hypersensitivity of both plaintiffs, have resulted in several confrontations between plaintiffs and defendants. As a result, the administration, faculty and staff of the Commons Lane School are understandably apprehensive in their efforts to provide Angela with an appropriate education. Nevertheless, Commons Lane is a public school. Its rules and regulations encourage parental involvement in the education of their students. The school has the authority and the ability to regulate or restrict the conduct of parents to the extent that they interfere with the ability of the school to teach. Defendants failed to prove that the Bonds were or are interfering with the functioning of the Commons Lane School to a degree that warrants federal court equitable intrusion.

B. CONCLUSIONS OF LAW
This Court has subject matter jurisdiction over plaintiffs' claims and personal jurisdiction over the parties. Venue is proper in this District.
Plaintiffs claim that defendants violated 42 U.S.C. §§ 1981 and 1983. To recover on their claims, plaintiffs must prove purposeful discrimination on the basis of race. General Building Contractors v. Pennsylvania, 458 U.S. 375, 102 S.Ct. 3141, 73 L.Ed.2d 835 (1982); Williams v. Anderson, 562 F.2d 1081 (8th Cir. 1977); MacDonald v. Ferguson Reorganized School District R-2, 530 F.Supp. 469 (E.D.Mo.1981). Plaintiffs' claims must be denied because race did not play any part in any of the actions taken by defendants. See Findings of Fact No. 13. Angela Bond was properly transferred to Ms. Finn's math class on the basis of legitimate, non-discriminatory criteria. See Findings of Fact Nos. 7 and 9. While there is a subjective component to these criteria, Angela Bond's numerical scores in her math class can hardly be described as a subjective criteria and therefore provided an objective basis for Angela Bond's transfer. Moreover, the simple statistical fact that the math class to which Angela Bond was transferred consisted of considerably more black students than white students does not, without more, rise to the level of a violation of Angela Bond's constitutional rights. This is especially true in view of the fact that Angela spent a mere 45 minutes *569 out of each day in her math class. See Findings of Fact No. 10. Plaintiffs do not challenge her placement in any other class. Angela Bond was properly placed in Ms. Finn's math class on the basis of her ability and such grouping does not violate the Constitution. McNeal v. Tate County School District, 508 F.2d 1017, 1020 (5th Cir.1975). Plaintiffs' other claims concerning the student of the month program and the Probe program are equally without merit. See Findings of Fact Nos. 12 and 15. Moreover, defendants did not retaliate against plaintiffs at all or in response to their complaint of race discrimination. See Findings of Fact No. 14. Accordingly, defendants are entitled to judgment in their favor on plaintiffs' complaint.
Defendants counterclaimed for injunctive relief against Angela Bond's parents. The order requested by defendants would enjoin Walker and Rubye Bond from entering the premises of the Commons Lane School and from communicating with any employee of the Ferguson Reorganized School District R-II "during school class hours in any manner which disrupts the daily educational functions of the school district of the peaceful and orderly operation of any school in the district which Angela Bond attends." In the opinion of this Court, the relief sought by defendants is not warranted. See Findings of Fact No. 17. This Court has no doubt that Angela Bond's parents have made life more difficult for everyone at Commons Lane School. To the extent that the Bonds exceed their rights with respect to the education of Angela Bond, defendants have many avenues of relief available to them which are both adequate to deal with any potential situation and are less intrusive than a federal court order. In addition, this Court finds the proposed order submitted by defendants to be so vague as to require constant interpretation and application by this Court over a long period of time. Angela Bond will soon enter the fourth grade at Commons Lane School. She could possibly spend the next eight (8) years in Ferguson-Florissant public schools. Defendants' proposed order would have this Court supervise the relationship between the school district and Angela Bond's parents over the next eight (8) years. The facts presented to this Court do not depict a situation that warrants such intervention by this Court. Accordingly, plaintiffs are granted judgment in their favor on defendants' counterclaim for injunctive relief.
Costs are taxed against the plaintiffs. Defendants have requested an award of attorney's fee under 42 U.S.C. § 1988. Defendants are granted leave to file, in writing and within ten (10) days of this date, a memorandum and affidavit supporting their right to an award of attorney's fees and the amount of said award. Plaintiffs shall have five (5) days thereafter to oppose defendants' request for an award of attorney's fees.